IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARSHALL DEAN ALSTON,        )
                             )
        Petitioner,           )
                             )
                             )      No. CIV-16-534-D
v.                           )
                             )
KAMERON HARVANEK, Warden,    )
                             )
        Respondent.           )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In this action, Petitioner is challenging his conviction for Unlawful Distribution of Controlled Dangerous Substance (methamphetamine) entered in the District Court of Comanche County, Case No. CF-2014-21, and his conviction for Unlawful Possession of Controlled Drug with Intent to Distribute entered in the District Court of Comanche County, Case No. CF-2014-22. Respondent has moved to dismiss the action on the basis that Petitioner's habeas action is time-barred. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as time-barred.

1

I. Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2).

II. Case No. CF-2014-21

In Case No. CF-2014-21, Petitioner entered a plea of guilty and was found guilty of Unlawful Distribution of Controlled Dangerous Substance (methamphetamine) after two or more felony convictions on September 9, 2014. Brief in Support of Motion to Dismiss ("Brief in Support") (Doc. # 28), Ex. 7, Att. A, at 1-2. He was sentenced to a 15-year term of imprisonment with all but the first ten years suspended. Petitioner did not move to withdraw his guilty plea or appeal the conviction and sentence.

On April 21, 2016, Petitioner filed a "Motion for Leave to Proceed at Post-Conviction

2

Relief Seeking an Appeal Out of Time in order to Withdraw the Guilty Plea and/or in the Alternative Certiorari Appeal Out of Time" in the state district court in Case No. CF-2014-21. Id., Ex. 2. He alleged in this motion that there was an inadequate chain of custody for the distribution offense and that he was denied effective assistance of defense counsel. Petitioner filed a reply in that post-conviction proceeding on October 16, 2015. Id., Ex. 9.

Because Petitioner did not timely seek to withdraw his guilty plea, Petitioner's conviction in Case No. CF-2014-21 became final on September 19, 2014, ten days after pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit.22, ch. 18, App. The one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A) began to run the following day on September 20, 2014, and expired one year later, on September 20, 2015. Because September 20, 2015, was a Sunday, Petitioner had until September 21, 2015, to file his federal habeas action.

Petitioner's post-conviction application filed in the district court on April 21, 2016, did not toll the limitation period because it was filed after the limitation period had expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). Petitioner filed his habeas action in this Court on May 23, 2016. Petitioner's habeas action filed May 23, 2016, is not timely filed within the one-year limitations period prescribed for his conviction in Case No. CF-2014-21.

In his responsive pleading, Petitioner first argues that he challenged his convictions in both Case No. CF-2014-21 and Case No. CF-2014-22 in his post-conviction application

3

filed July 17, 2015. However, in resolving the claims asserted in Petitioner's post-conviction application filed July 17, 2015, both the district court and the Oklahoma Court of Criminal Appeals ("OCCA") determined that Petitioner had not sought post-conviction relief in Case No. CF-2014-21 in this application. Brief in Support, Ex. 7 (Findings of Fact Number 5) and Ex. 8, at 1.

Petitioner next argues that his convictions in both cases "arose out of a single transaction or occurrence" and therefore his post-conviction application filed in July 2015 should be considered as a challenge to the convictions entered in both Case No. CF-2014-21 and Case No. CF-2014-22. However, the clear statements of the district court and the OCCA that Petitioner's July 2015 application did not present a challenge to his conviction in Case No. CF-2014-21 is controlling as an interpretation of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Although Petitioner alleges he was not properly advised of his right to appeal, Petitioner's Response, at 6, Petitioner provides no evidentiary support for this claim. Petitioner made no such claim in his post-conviction application filed in Case No. CF-2014-21. See Brief in Support, Ex. 2.

III. Case No. CF-2014-22

In Case No. CF-2014-22, Petitioner entered a plea of guilty on September 9, 2014, and was convicted of the charge of Unlawful Possession of Controlled Dangerous Substance (methamphetamine) with Intent to Distribute after two or more felony convictions. He was

4

sentenced to a 15-year term of imprisonment with all but the first seven years suspended, to run consecutively to his sentence in Case No. CF-2014-21. Id., Ex. 7, at 3-4

Petitioner did not move to withdraw his guilty plea or appeal the conviction. On July 17, 2015, Petitioner filed a "Motion for Leave to Proceed at Post-Conviction Relief Seeking an Appeal Out of Time in Order to Withdraw the Guilty Plea and/or in the Alternative Certiorari Appeal Out of Time" in Case No. CF-2014-22. Brief in Support, Ex. 4. In this application, Petitioner alleged that (1) his separate convictions in Case No. CF-2014-21 and Case No. CF-2014-22 violated the prohibition against double jeopardy and the court must therefore vacate his conviction in Case No. CF-2014-22; (2) there was an insufficient factual basis to support his guilty plea; (3) he was denied his right to a preliminary hearing; and (4) he was denied due process and equal protection by "unfairly prejudicial" plea proceedings.

On October 13, 2014, the state district court entered an order denying his application seeking an appeal out of time on the basis, *inter alia*, that he waived his right to an appeal by failing to timely move to withdraw his guilty plea. Id., Ex. 5.

On October 30, 2015, Petitioner filed an "Application Request for an Appeal Out of Time and Combined Petition in Error and Brief in Support" in the OCCA, Case No. PC-2015-956. Id., Ex. 6. In this pleading, Petitioner alleged that his post-conviction application filed in the district court had requested an "Out-of-Time Appeal in case Numbers CF-2014-21 and CF-2014-22." Id., Ex. 6, at 1 (ECF page number 4).

On February 25, 2016, the district court, in compliance with a directive issued by the OCCA, issued a more definitive "Order Denying Petitioner's Motion for Leave to Proceed

5

at Post Conviction Relief Seeking an Appeal Out of Time in Order to Withdraw the Guilty Plea and/or in the Alternative Certiorari Appeal Out of Time." Id. Ex. 7. In this order, the district court found that "Petitioner did not file any Application for Post-conviction Relief in [Case No.] CF-14-21" and that Petitioner was not entitled to review of his post-conviction claims regarding his conviction in Case No. CF-2014-22 because he had procedurally defaulted those claims by failing to raise them in an appeal and by failing to state a sufficient reason for failing to appeal his conviction.

In an "Order Consolidating Appeal Nos. PC-2015-0956 and PC-2016-0192 and Order Affirming Denial of Application for Post-Conviction Relief" filed March 31, 2016, the OCCA found that Petitioner had failed to articulate sufficient reason explaining his failure to timely file an appeal of his conviction in Case No. CF-2014-22 and also found that Petitioner had not shown he was denied effective assistance of trial counsel. Id., Ex. 8, 10. The appellate court affirmed the district court's denial of Petitioner's application for post-conviction relief.

Because Petitioner did not timely move to withdraw his guilty plea, his plea-based conviction in Case No. CF-2014-22 became final on September 19, 2014, ten days after pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit.22, ch. 18, App. The one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A) began to run the following day

6

on September 20, 2014, and expired one year later, on September 21, 2015.[1]

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction application filed July 17, 2015, tolled the limitation period until March 31, 2016, or 259 days, when the OCCA affirmed the district court's denial of his post-conviction application. On the date Petitioner filed his post-conviction application on July 17, 2015, 300 days of the limitations period had elapsed. The limitations period began to run again on April 1, 2016, and expired 65 days later, on June 6, 2016.[2]

Petitioner's habeas action filed May 23, 2016, is therefore timely with respect to Petitioner's challenge to his conviction in Case No. CF-2014-22. Respondent argues that Petitioner's initial pleading filed in this Court did not constitute his habeas petition and that his habeas action was not filed until June 9, 2016, when his amended petition was filed. However, Petitioner's initial pleading, although not filed on the proper form, clearly indicates an intent to challenge both of his Comanche County convictions based on guilty pleas entered September 9, 2014. See "Petitioner Mr. Alston Petitions This Court for a 'Protective Order' and/or in the Alternative He Ask for a Stay in Abeyance Until his State Court

---

[1] Because September 20, 2015, was a Sunday, Petitioner has been given the benefit of one additional day, until September 21, 2015, for the running of the one-year limitations period.

[2] The limitations period would normally have expired on June 5, 2016. However, because June 5, 2016, was a Sunday, Petitioner has been given the benefit of one additional day for the running of the limitations period.

7

Remedies are Exhausted" (Doc. # 1). Recognizing that this pleading presented a request for habeas relief but was not filed on the proper form for a 28 U.S.C. § 2254 petition, the Court entered an order to Petitioner to Cure Deficiency on May 25, 2016, notifying Petitioner that his initial document was deficient in that it was not filed on the proper form and also notifying Petitioner that he had not paid the filing fee or sought leave to proceed *in forma pauperis*. Petitioner filed his Amended Petition on the proper form on June 15, 2016. Respondent's assertion lacks merit.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Motion to Dismiss (Doc. # 27) be GRANTED in part and that the action be DISMISSED with prejudice as time-barred with respect to Petitioner's 28 U.S.C. § 2254 challenge to his conviction in Case No. CF-2014-21, District Court of Comanche County, Oklahoma. It is further recommended that the Motion to Dismiss (Doc. # 27) be DENIED in part with respect to Petitioner's 28 U.S.C. §2254 challenge to his conviction in Case No. CF-2014-22, District Court of Comanche County, Oklahoma, and that Respondent be directed to respond to the Amended Petition (Doc. # 5) within twenty (20) days of any order adopting this Supplemental Report and Recommendation with respect to Petitioner's claims asserted in the Amended Petition challenging Petitioner's conviction in Case No. CF-2014-22.

The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   December 28th,

2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   8th   day of   December  , 2016.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE