IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHALL DEAN ALSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-16-534-D |
| ) | |
| KAMERON HARVANEK, Warden, ) | |
| ) | |
| Respondent. ) | |

# **O R D E R**

Marshall Dean Alston, appearing *pro se*,[1] filed this Petition for Writ of Habeas Corpus [Doc. No. 5] pursuant to 28 U.S.C. § 2254, challenging two state court convictions. The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent moved for dismissal of the action. On December 8, 2016, in a Supplemental Report and Recommendation [Doc. No. 33], Judge Purcell recommended Respondent's Motion to Dismiss [Doc. No. 27] be granted in part and denied in part. Specifically, Judge Purcell recommended that Petitioner's challenge to his conviction in Case No. CF-2014-21 be dismissed with prejudice as untimely because the statute of limitations period prescribed by 28 U.S.C. §2244(d) expired prior to its filing, but that Petitioner's challenge to his conviction in Case No. CF-2014-22 be allowed to continue.

---

[1] Although the Court liberally construes *pro se* filings, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), the Court cannot take on the responsibility of serving as Petitioner's attorney in constructing arguments or searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Before the Court is Petitioner's Objection [Doc. No. 34] to the Report and Recommendation, wherein he objects on the following grounds: (1) Petitioner's two convictions arise out of the same transaction or occurrence, and therefore, violate double jeopardy laws; (2) case law cited by Judge Purcell fails to "resolve" the issue before the Court because there was "no existing law expressly referred to by the state district court or the [Oklahoma Court of Criminal Appeals] in support of their claims Petitioner was required to file a separate application in Case No. CF-2014-21" (Obj. [Doc. No. 34] at 3); and (3) Petitioner provided evidentiary support for his claim that he was not properly advised of his right to appeal by referring to an exhibit in his response to Respondent's Motion.

As stated more fully below, the Court, exercising *de novo* review,[2] overrules Petitioner's Objection and adopts the Report and Recommendation in its entirety.

## DISCUSSION[3]

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244 provides that a habeas petition seeking relief from a state court judgment must be filed within one year from the date the judgment becomes final. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Purcell was required to review the Petition upon filing and to recommend dismissal if it appeared from the face of the

---

[2] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

[3] The relevant facts have been thoroughly set forth in the Report and Recommendation and will not be restated here, except where necessary to address Petitioner's Objection.

Petition that Petitioner was not entitled to relief. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The expiration of the statute of limitations is properly considered upon such review. *Id.* Where Petitioner has timely filed a proper request for post-conviction relief, the statute of limitations is tolled during the time in which that request is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). To take advantage of this tolling period, however, Petitioner must file his post-conviction relief application within the AEDPA limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Judgment was pronounced against Petitioner in Case No. CF-2014-21 on September 9, 2014, and his conviction became final on September 19, 2014. *See* Suppl. R. & R. [Doc. No. 34] at 3. Petitioner filed his application for post-conviction relief in Case No. CF-2014-21 on April 21, 2016, more than seven months after the expiration of the AEDPA statute of limitations. *Id.* Therefore, the tolling provisions concerning post-conviction relief applications do not apply to Petitioner's Case No. CF-2014-21, and his Petition as to that case is untimely. Petitioner's Objection fails to address Judge Purcell's analysis of the AEDPA statute of limitations as it relates to this habeas action, but nonetheless claims "certain factors [need] to be considered with respect to Case No. CF-2014-21 before this Court makes a decision to adopt" the Report and Recommendation. Obj. [Doc. No. 34] at 2.

Petitioner's first ground of objection is a restatement of issues presented in his responsive pleading and sufficiently addressed by the Report and Recommendation, and

therefore, the Court need not readdress it here. Regarding Petitioner's second ground for objection, the Court agrees with Judge Purcell's finding that "the clear statements of the district court and the OCCA that Petitioner's July 2015 application did not present a challenge to his conviction in Case No. CF-2014-21 is controlling as an interpretation of state law." Suppl. R. & R. [Doc. No. 33] at 4. It is not within the Court's habeas purview to "re-examine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 68 (1991), regardless of whether the state court expressly referred to existing law in support of its determination. Finally, the evidentiary support Petitioner claims as his third ground for objection relates to Case No. CF-2014-22, not Case No. CF-2014-21. *See* Obj. [Doc. No. 34] at 4. Petitioner did not include allegations that he was not advised of his right to appeal in his post-conviction application filed in Case No. CF-2014-21, *see* Ex. 2 [Doc. No. 28-2] at 1-16, nor did he provide evidentiary support for the claim in this habeas action. *See* Pet. [Doc. No. 5] at 5. Accordingly, Petitioner's Objection does not change the outcome of Judge Purcell's analysis, nor this Court's adoption of it.

## CONCLUSION

The Court has conducted the *de novo* review required by 28 U.S.C. § 636(b) of "those portions of the report . . . to which objection is made." *Id.* Upon review, Judge Purcell's Report and Recommendation will be adopted.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 33] is hereby ADOPTED in its entirety. Respondent's Motion to Dismiss [Doc. No. 27] is GRANTED in part and DENIED in part. Accordingly, Petitioner's action with

4

respect to his challenge to his conviction in Case No. CF-2014-21, District Court of Comanche County, Oklahoma, is hereby dismissed with prejudice. Respondent is directed to respond to the Petition with respect to Petitioner's challenge to his conviction in Case No. CF-2014-22, District Court of Comanche County, Oklahoma, within twenty (20) days of the date of this Order.

IT IS SO ORDERED this 10th day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE