IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| MARSHALL DEAN ALSTON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Case No. CIV-16-534-D |
| KAMERON HARVANEK, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**O R D E R**

This matter is before the Court for review of the Second Supplemental Report and Recommendation [Doc. No. 45] issued by United States Magistrate Judge Gary M. Purcell on March 21, 2017. Judge Purcell recommends that Petitioner's claim to habeas relief concerning his conviction in Case No. CF-2014-22 be denied.[1] Petitioner, who appears *pro se*, has filed a timely objection [Doc. No. 46]. Thus, the Court must make a *de novo* determination of the portions of the Report and Recommendation to which specific objection is made.[2]

Upon consideration of Petitioner's *pro se* filing, which is liberally construed, the Court discerns the following objections: (1) Judge Purcell's recitation of facts

---

[1] Petitioner's habeas challenge regarding his conviction in Case No. CF-2014-21 was previously dismissed pursuant to a January 10, 2017 Order of the Court [Doc. No. 35]. Petitioner's present claim is the only matter presented in the Amended Petition [Doc. No. 5] left to be decided.

[2] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 662 (E.D. Mich. 2004) ("the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review").

"misconstrue" Petitioner's understanding of what rights he waived upon entering a plea (*see* Obj. [Doc. No. 46] at 1-2); (2) Judge Purcell's reliance on *McCleskey v. Zant*, 499 U.S. 467 (1991), fails to establish a need for Petitioner to show actual innocence because the facts of that case differ from those in Petitioner's case (*see id.* at 7);[3] (3) the Court cannot decide this matter without first making a finding as to Petitioner's former counsel's duty to conduct an investigation into the existence of potentially mitigating evidence at the time of Petitioner's conviction (*see id.* at 9-10); and (4) the state's decision to not hear Petitioner's ineffective assistance of counsel claim did not rest on independent state grounds, and therefore, does not act as a procedural bar to federal habeas corpus review (*see id.* at 11).[4] The Court will address Petitioner's objections in reverse order.

As stated in the Report and Recommendation, the Oklahoma Court of Criminal Appeals found that Petitioner had procedurally defaulted on all claims, except for his Sixth Amendment ineffective assistance of counsel claim. *See* R. & R. [Doc. No. 45] at 9; Order Consolidating Appeals [Doc. No. 28-8] at 3-4. Procedural default is an independent state ground that bars this Court's consideration of those matters unless cause to excuse the default is shown. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) (finding that "[a] claim is procedurally barred when it has not been fairly presented to the state courts for their initial

---

[3] Petitioner also contends that *Wilson v. Corcoran*, 562 U.S. 1 (2010), and *Estelle v. McQuire*, 502 U.S. 62 (1991), contain "no significant authority" applicable to his case. Obj. [Doc. No. 46] at 3. However, because Petitioner fails to support his objection, the Court declines to address it. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("'[A]n objection stating only 'I object' preserves no issue for review.'") (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)).

[4] Petitioner also erroneously contends that the Report and Recommendation was limited to a review of the Amended Petition, as opposed to a review of "the entire record that has been presented by the Respondents themselves [*sic*]." Obj. [Doc. No. 46] at 2. The Court finds that Petitioner's objection is unfounded. The Report and Recommendation references multiple documents of record, including the Response [Doc. No. 42] and related exhibits. *See* R. & R. [Doc. No. 45].

consideration"). Although "[a] showing that a defendant received ineffective assistance of counsel will establish cause excusing a procedural default" (*Ellis v. Hargett*, 302 F.3d 1182, 1186 (10th Cir. 2002)), Petitioner fails to make the required showing. *See Strickland v. Washington*, 466 U.S. 668 (1984) (establishing a two-pronged test to show ineffective assistance of counsel). Specifically, Petitioner failed to "show that his attorney's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense." R. & R. [Doc. No. 45] at 12-13; *Strickland*, 466 U.S. at 687. Petitioner's failure impacts both his ability to overcome the procedural bar based on ineffective assistance of counsel, and to establish his separate claim of ineffective assistance of counsel.

In an attempt to overcome this failure, Petitioner requests the Court make a finding as to his former counsel's duty to conduct an independent investigation into the existence of potentially mitigating evidence at the time of Petitioner's conviction. The Court declines Petitioner's request, as it is not the role of the Court to prove Petitioner's case. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that it is not the district court's function "'to assume the role of advocate for the pro se litigant'") (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991)).

Petitioner's other opportunity to overcome the procedural bar is to show a "fundamental miscarriage of justice" which, as explained in *McCleskey*, applies to cases of procedural default and requires a showing of actual innocence. *See* R. & R. [Doc. No. 45] at 16; *McClesky*, 499 U.S. at 494. Petitioner's objection to *McCleskey*'s applicability is unfounded and in no way removes Petitioner's burden of making a "colorable showing that

3

he is 'actually innocent' of the offense" for which he was convicted. R. & R. [Doc. No. 45] at 16. As stated in the Report and Recommendation, Petitioner did not allege actual innocence in his Amended Petition and has submitted no new evidence in support of his innocence. *See id.* Therefore, Petitioner has failed to establish a necessary element of the fundamental miscarriage of justice exception.

Finally, the Court finds that Petitioner's objection to Judge Purcell's recitation of the facts is unfounded. Specifically, paragraph one on page three, to which Petitioner objects, reads:

> According to the state court record of the plea proceeding in Case No. CF-2014-22, Petitioner admitted that he was entering the plea after three prior felony convictions. The district court advised petitioner of the rights he was waiving by entering the plea, and Petitioner affirmed that he understood the rights he was waiving. Petitioner also affirmed that he was entering the plea pursuant to a plea agreement. Petitioner admitted the facts constituting a factual basis for the plea and stated that he was entering the plea voluntarily and with full understanding of the consequences of the plea.

R. & R. [Doc. No. 45] at 2-3. The Court finds nothing in the above paragraph that misconstrues the state court record or Petitioner's understanding of the rights he waived.[5]

For the reasons set forth above, the Court fully concurs with Judge Purcell's Second Supplemental Report and Recommendation [Doc. No. 45], and ADOPTS it as though fully

---

[5] In support of his objection, Petitioner does little more than expound upon ground one of his Amended Complaint, which reads, "[T]he district court record makes no affirmative showing Petitioner was advised of appeal rights." Am. Pet. [Doc. No. 5] at 5; *see also* Obj. [Doc. No. 46] at 1-2. To the extent Petitioner reurges arguments previously presented, the Court finds those arguments adequately addressed and properly decided by Judge Purcell in the Report and Recommendation. *See Thompson v. Sirmons*, 336 Fed. App'x 834 (10th Cir. 2009) (finding a habeas petitioner's reurging of claims comprehensively analyzed by the magistrate judge to be a waiver of objection).

set forth herein. Accordingly, the remainder of the Amended Petition [Doc. No. 5] seeking habeas relief concerning Petitioner's conviction in Case No. CF-2014-22 is DENIED. A separate judgment shall follow.

IT IS SO ORDERED this **1st** day of May, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE